# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. GREEN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>HILL, R., Warden,<br><br>　　　　　　　　Respondent. | Civil No. 13cv1436-H (DHB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

On June 19, 2013, Petitioner Gerald A. Green ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.[1]) Petitioner seeks relief from his 37 years to life sentence for first degree residential burglary that was imposed under California's "three strikes law." Respondent filed an Answer opposing any habeas relief (ECF No. 13), and Petitioner filed a Traverse. (ECF No. 17.) The Court has reviewed the parties' pleadings, the record, and controlling law, and for the reasons discussed below, hereby RECOMMENDS that the Petition be DENIED.

/ / /

/ / /

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing (ECF) system.

## I. BACKGROUND

On August 30, 1984, Petitioner was convicted of first degree residential burglary. (ECF No. 1 at 23.) Approximately four years later, on July 11, 1988, Petitioner suffered another conviction for first degree residential burglary. (*Id.* at 22.) Following these two prior convictions, Petitoner was again convicted of first degree residential burglary in 1997. (*Id.* at 21.) On August 1, 1997, Petitioner was sentenced to an indeterminate term of 37 years to life under California's three strikes law because the trial court found Petitioner had committed two previous "serious" felonies. (*Id.*; Lodgment No. 7 at 1-2.) Petitioner is currently serving that prison sentence.

On November 6, 2012, California's three strikes statute was modified by ballot proposition. *See* Cal. Penal Code §1170.126 (the "Three Strikes Reform Act"). The modified law allowed individuals sentenced under the three strikes law to apply for resentencing under certain circumstances. An individual could qualify for resentencing, provided his or her current conviction was not for a serious or violent offense, as defined by California Penal Code § 1192.7(c) or § 667.5(c). Cal. Penal Code §1170.126; *People v. Yearwood*, 213 Cal.App.4th 161, 167-68 (Cal. Ct. App. 2013).

On January 4, 2013, Petitioner filed a petition for writ of habeas corpus in the California Superior Court seeking resentencing under the Three Strikes Reform Act. (Lodgment No. 1.) On January 9, 2013, the Superior Court denied the petition on the grounds that Petitioner's commitment offense – first degree residential burglary – is classified as a "serious" felony under California Penal Code section 1192.7(c)(18). Therefore, the court found Petitioner was ineligible for any sentence modification under the Act. (Lodgment No. 2.) Petitioner subsequently filed a habeas petition in the Court of Appeal on January 28, 2013. (Lodgment No. 3.) The Court of Appeal denied the petition on February 22, 2013, on the same basis as the Superior Court's denial. (Lodgment No. 4.) On March 18, 2013, Petitioner filed a habeas petition in the California Supreme Court, and the court summarily denied review on May 22, 2013. (Lodgment Nos. 5 and 6; ECF No. 1 at 30.)

On June 19, 2013, Petitioner filed his federal Petition for Writ of Habeas Corpus in this Court. (ECF No. 1.) On October 7, 2013, Respondent filed an Answer. (ECF No. 13.) On November 19, 2013, Petitioner filed a Traverse. (ECF No. 17.)

## II. DISCUSSION

### A. Legal Standard

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls review of this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions, but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable

application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

"Clearly established federal law" means the law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Circuit precedent may be pertinent to the extent it illuminates the meaning and application of Supreme Court precedent, but "[o]nly Supreme Court precedents are binding on state courts under AEDPA." *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005). "[W]hen a Supreme Court decision does not 'squarely address[] the issue . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue," and the federal court "must defer to the state court's decision." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009). S*ee also Carey v. Musladin*, 549 U.S. 70, 77 (2006) (the lack of holdings from the Supreme Court on the issue presented precludes relief under 28 U.S.C. § 2254(d)(1)).

In applying 28 U.S.C. § 2254(d)(2), federal habeas courts must defer to reasonable factual determinations made by the state courts, to which a statutory presumption of correctness attaches. 28 U.S.C. § 2254(e)(1); *see Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). To determine whether habeas relief is available under § 2254(d), the Court "looks through" to the last reasoned state court decision as the basis for its analysis. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-8-3 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds by Andrade*, 538 U.S. at 75-76; *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

**B.     Evidentiary Hearing**

As an initial matter, the Court notes that Petitioner has not made any argument that further factual development is necessary, such that an evidentiary hearing would be warranted. *See* 28 U.S.C. § 2254(e)(2) (listing exceptions where evidentiary hearing may be appropriate). Therefore, the Court finds an evidentiary hearing is not necessary because the Petition can be resolved by reference to the record. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

**C.     Analysis**

    **1.     Petitioner's Request for Resentencing Under the Three Strikes Reform Act**

Petitioner argues he is eligible for resentencing under the Three Strikes Reform Act. (ECF No. 1.) Respondent counters that Petitioner's claim does not raise a federal issue, and alternatively Petitioner is ineligible for a new sentencing hearing because his conviction is considered a "serious" felony under California law. (ECF No. 13.) For the reasons set forth below, the Court agrees with Respondent.

Petitioner presented this claim to the California Supreme Court, and it was denied without comment. (Lodgment Nos. 5 and 6.) The Court will therefore look through the silent denial to the last reasoned decision, which is the Court of Appeal's February 22, 2013 opinion denying Petitioner's state habeas corpus petition. *Ylst*, 501 U.S. at 804. The Court of Appeal denied Petitioner's claim as follows:

> Gerald Green states he is serving an indeterminate term of 37 years to life in prison on a 1997 conviction of "first degree residential burglary." He filed a petition in the superior court for a recall of his sentence under the Three Strikes Reform Act of 2012 (the Act) but without success. He suggests he should be eligible for relief because the circumstances did not establish that he committed a serious crime.
>
> The Act authorizes any person serving an indeterminate term of life imprisonment on conviction of a felony not defined as a serious and/or violent felony by Penal Code sections 667.5, subdivision (c) or 1192.7, subdivision (c), to file a petition for resentencing. (§1170.126, subd. (b).) A "burglary in the first degree" is defined in section 1192.7, subdivision (c)(18), as a "serious" felony.
>
> The petition is denied.

(Lodgment No. 4.)

First, to the extent Petitioner is claiming the state courts improperly denied his

requests for resentencing under the Three Strikes Reform Act, the Court finds he has not raised a cognizable federal claim. Federal habeas relief is not available for violation of state law or for alleged errors in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Here, Petitioner's claim that the he is qualified for resentencing under California Penal Code § 1170.126 concerns only state sentencing law and does not implicate a federal constitutional right. Therefore, it is not cognizable on federal habeas review. *See e.g. Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (federal habeas challenge to the denial of a *Romero* motion is a state law claim that is barred from review in a federal habeas proceeding), *vacated on other grounds*, *Mayle v. Brown*, 538 U.S. 901 (2003); *Souch v. Schaivo*, 289 F.3d 616, 622-23 (9th Cir. 2002) (petitioner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim); *Makal v. Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).

Second, even assuming Petitioner's allegations raise a cognizable claim, the state courts reasonably rejected Petitioner's request for resentencing. The Three Strikes Reform Act, provides that a prisoner may be eligible for a new sentencing hearing, if certain requirements are met. One key requirement is that the inmate must be serving "an indeterminate term of life imprisonment...for a conviction of a felony or felonies that are *not* defined as serious," by California law. Cal. Penal Code § 1170.126(e)(1) (emphasis added). In *People v. Yearwood*, the California Court of Appeal explained the Act "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that *is not a serious or violent felony* and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to the public safety." *Yearwood*, 213 Cal.App.4th at 167-68 (emphasis added).

Here, Petitioner's current commitment offense was for first degree residential

burglary. California Penal Code §1192.7(c)(18) deems "any burglary of first degree" to be a "serious" felony. Therefore, Petitioner's current conviction is a "serious" felony and thus, he is not eligible for a new sentencing hearing. Given the record, the Court finds Petitioner cannot show that the state courts' denial of his request for resentencing was erroneous or warrants federal habeas relief.

**2.     Petitioner's Challenge to His Underlying Conviction and Sentence**

Petitioner also argues that his prior convictions did not qualify as "serious" offenses and therefore, he should not have been sentenced to an indeterminate life term under the three strikes law for his 1997 conviction. (ECF No. 1.) Respondent contends Petitioner's claims regarding his prior convictions do not concern a federal issue and alternatively are barred by the statute of limitations. (ECF No. 13.) The Court agrees with Respondent.

As previously discussed, matters relating to state sentencing are governed by state law, and are generally not cognizable on federal habeas review. *Estelle*, 502 U.S. at 67-68; *Brown*, 283 F.3d at 1040. This Court must defer to the state court's interpretation and application of state law, including the state court's determination that his prior burglary convictions qualified as "serious" offenses. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Furthermore, the Court notes that Petitioner is precluded from challenging his prior convictions by *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001). In *Lackawanna*, the Supreme Court held that where a state court conviction is no longer open to direct or collateral attack, the conviction is regarded as conclusively valid. *Id.* at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2255 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 404.

///

Even assuming Petitioner has presented a federal issue, any challenge to either his prior offenses from 1984 and 1988 or his 1997 commitment offense are time barred.

Pursuant to AEDPA, a one-year period of limitation applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's statute of limitations provision is subject to both statutory and equitable tolling. *See* § 2244(d)(2) (the statute of limitations is tolled during the period of time a petitioner seeks post-conviction relief in state court); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (equitable tolling may be available if Petitioner can show he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his petition on time).

At the time Petitioner filed his federal Petition, his 1984 conviction was approximately 28 years old, and his 1988 conviction was almost 25 years old. In addition, nearly 16 years have elapsed between Petitioner's 1997 conviction and the date he initiated this action. Petitioner has not made any showing that either statutory or equitable tolling would apply to these decades-long time periods. Therefore, any direct challenge to his underlying conviction and sentence, or to his prior convictions are untimely under AEDPA.

Accordingly, the Court finds Petitioner is not entitled to federal habeas relief.

**III. CONCLUSION AND RECOMMENDATION**

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff under 28 §636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the habeas Petition be **DENIED** in its entirety on the ground that the Petitioner's custody violates no federal right.

**IT IS FURTHER RECOMMENDED** the Court issue an Order (1) approving and adopting this Report and Recommendation and (2) directing the judgment be entered denying the Petition.

1 **IT IS HEREBY ORDERED** no later than **April 1, 2014** any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendations."

4 **IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than ten (10) days from service of Petitioner's filed Objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: February 27, 2014

DAVID H. BARTICK
United States Magistrate Judge