1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD A. GREEN,<br><br>              Petitioner,<br><br>       v.<br><br>RICK HILL, Warden,<br><br>              Respondent. | Case No. 13-cv-01436-BAS-DHB<br><br>**ORDER:**<br>   **(1) ADOPTING REPORT AND<br>        RECOMMENDATION<br>        [ECF NO. 18]; AND**<br>   **(2) DENYING PETITIONER'S<br>        REQUEST FOR *HABEAS*<br>        RELIEF [ECF NO. 1]** |

On June 28, 2012, Petitioner Gerald A. Green, a state prisoner proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Pet'r Pet., ECF No. 1.  Petitioner seeks *habeas* relief from his indeterminate life sentence for first degree residential burglary imposed under California's three strikes law in 1997.  Pet'r Pet.  On October 7, 2012, Respondent Rick Hill filed an Answer to the Petition.  Respt't's Answer, ECF No. 13.  On November 19, 2013, Petitioner filed a Traverse.  Pet'r Traverse, ECF No. 17.  On February 27, 2014, United States Magistrate Judge David H. Bartick issued a Report and Recommendation ("Report") recommending the court deny the Petition and

ordering Petitioner and Respondent to file objections to the Report no later than April 1, 2014.  Report, ECF No. 18.  Petitioner was subsequently given until May 1, 2014 to file objections.  ECF No. 20.  Petitioner filed objections to the Report on April 28, 2014.  Pet'r Obj., ECF No. 21.

For the following reasons, the Court **OVERRULES** Petitioner's objections, Pet'r Obj., ECF No. 21, **ADOPTS** the Report in its entirety, Report, ECF No. 18, and **DENIES** the Petition with prejudice.  Pet'r Pet., ECF No. 1.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner has three first-degree convictions for residential burglary under California law:  one in October 1984 (Pet'r Pet. 23), a second in August 1988 (*id.* at 22), and a third in August 1997 (*id.* at 21).  Because Petitioner's 1984 and 1988 convictions were for "serious offenses" under California law, and because Petitioner was being convicted of a serious offense once again in 1997, Petitioner's 1997 conviction resulted in an indeterminate life sentence pursuant to California's three strikes law.  Pet'r Pet. 21, 24.

On January 9, 2013, Petitioner filed a petition for a writ of *habeas* corpus in the California Superior Court, San Diego County seeking resentencing under the Three Strikes Reform Act (TSRA).[1]  Pet'r Pet. 25–26.  The Superior Court denied the petition because Petitioner's 1997 commitment offense, first degree residential burglary, was a serious felony under California Penal Code § 1192.7(c)(18) and Petitioner was therefore ineligible for resentencing under TSRA.  Pet'r Pet. 24, 26.  Petitioner subsequently filed a *habeas* petition in the California Court of Appeal, Pet'r Pet. 28, which was denied on the same basis.  Pet'r Pet. 29.  Petitioner then filed a *habeas* petition in the California Supreme Court, Pet'r Pet. 27, and the Court summarily denied review.  Pet'r Pet. 30.

---

[1] TSRA modified California's three strikes rule to permit felons to apply for resentencing if their current conviction was not for a serious or violent offense as defined by California Penal Code §§ 1192.7(c) or 667.5(c).  *See* Cal Penal Code § 1170.126(e); *People v. Yearwood*¸ 151 Cal. Rptr. 3d 901, 906 (2013), *as modified on denial of reh'g* (Feb. 19, 2013), *review filed* (Mar. 6, 2013).

1     On January 24, 2013, Petitioner filed this Petition seeking 28 U.S.C. § 2254
2  *habeas* relief from his 1997 indeterminate life sentence.  Pet'r Pet. 14–19, 31–37.
3  Petitioner argued he is entitled to federal *habeas* relief because he claims he is
4  eligible for resentencing under the TSRA.  Pet'r Pet. 16.  Petitioner also argued he
5  is entitled to relief because, alternatively, his 1984 and 1988 convictions were not
6  considered serious offenses under California law at the time he committed them,
7  and therefore his 1997 indeterminate life sentence under the three strikes law was
8  improper.  Pet'r Pet. 33.  United States Magistrate Judge Bartick issued the Report
9  recommending the Court deny the Petition on both grounds advanced by
10 Petitioner.  Report, ECF No. 18.  On April 28, 2014, Petitioner timely objected to
11 the Report.  Pet'r Obj., ECF No. 21.

## II.    LEGAL STANDARD

13    When a party timely objects to a magistrate judge's report and
14 recommendations pursuant to Federal Rule of Civil Procedure 72(b)(2), the district
15 court "must make a *de novo* determination of those portions of the report . . . to
16 which objection is made," and "may accept, reject, or modify, in whole or in part,
17 the findings or recommendations made by the magistrate."   28 U.S.C. §
18 636(b)(1)(C); *see also* Fed. Rule Civ. P. 72(b)(3); *U.S. v. Raddatz*, 447 U.S. 667,
19 676 (1980) ("Congress intended to permit whatever reliance a district judge, in the
20 exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed
21 findings and recommendations."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
22 Cir. 2003) (holding 28 U.S.C. § 636(b)(1)(C) "makes it clear that the district judge
23 must review the magistrate judge's findings and recommendations de novo *if*
24 *objection is made*") (emphasis in original).

## III.   ANALYSIS

26    Judge Bartick recommends this Court deny the Petition.  Report 8:19–25,
27 ECF No. 18.  Judge Bartick determined Petitioner's request for resentencing under
28 TSRA failed to raise a cognizable federal claim and, even assuming a federal claim

1   was raised, the California courts reasonably rejected Petitioner's request for
2   resentencing. Report 5:28–7:5. Judge Bartick also determined Petitioner's
3   argument concerning his 1984 and 1988 convictions failed to raise a federally
4   cognizable claim and, even assuming it did, such a challenge is time-barred under
5   the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Report
6   7:13–8:18.

7        Petitioner objects to the Report on two grounds. *See* Pet'r Obj., ECF No. 21.
8   First, Petitioner again argues his 1984 and 1988 convictions for first degree
9   residential burglary underlying his 1997 indeterminate life sentence did not
10  constitute serious offenses under California law when he plead guilty to the offense
11  in 1984 and a jury convicted him of the offense in 1988. Pet'r Obj. 13:13–21.
12  Accordingly, Petitioner believes his 1997 indeterminate life sentence under the
13  three strike rule was improper. Pet'r Obj. 16:14–18:21. Second, Petitioner
14  contends his Petition raises a federally cognizable claim for § 2254 *habeas* relief
15  which the Court may adjudicate. Pet'r Obj. 18:22–24, 20:19–24. Petitioner's
16  objections do not address the remainder of the Report's recommendations, and
17  those points (that the California Courts reasonably rejected Petitioner's request for
18  resentencing and that Petitioner's argument concerning his 1984 and 1988
19  convictions is time-barred) are considered conceded. *See U.S. v. Reyna-Tapia*, 328
20  F.3d 1114, 1121 (9th Cir. 2003) (holding 28 U.S.C. § 636(b)(1)(C) "makes it clear
21  that the district judge must review the magistrate judge's findings and
22  recommendations de novo *if objection is made*") (emphasis in original).

23       A federal court "shall entertain an application for a writ of *habeas* corpus on
24  behalf of a person in custody pursuant to the judgment of a state court only on the
25  ground he is in custody in violation of the Constitution or laws or treaties of the
26  Unites States." 28 U.S.C. § 2254(a). AEDPA governs this case. *See Medina v.*
27  *Hornung*, 386 F.3d 872, 877 (9th Cir. 2004) (noting AEDPA governs appeals of
28  state court *habeas* determinations). AEDPA requires the court to defer to

reasonable factual determinations made by the state courts as these determinations are presumed correct.  28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*¸ 550 U.S. 465, 473–74 (2007) ("AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings . . . .").  Under AEDPA, a *habeas* petition may only be granted with respect to a claim adjudicated on the merits by a state court in two instances.  28 U.S.C. § 2254(d)(1)–(2); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Medina*, 386 F.3d at 877.

First, federal *habeas* relief may be granted if the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d)(1); *Early*, 537 U.S. 3, 8 (2002); *Medina*, 386 F.3d at 877.  "Clearly established federal law" means the law "as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1); *accord Medina*, 386 F.3d at 877.  Accordingly, the state court must have applied a rule different from the governing law set forth in Supreme Court cases, or decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Where there is no "clearly established Supreme Court precedent addressing the issue" before the court, the court "must defer to the state court's decision."  *Moses v. Payne*, 555 F.3d 742,754 (9th Cir. 2009); *see also Carey v. Musladin*, 549 U.S. 70, 77 (2006) (holding a dearth of Supreme Court rulings on the issue before the district court precluded federal *habeas* relief from a state court adjudication on the merits of a plaintiff's state *habeas* petition).

Alternatively, a *habeas* petition may be granted where the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d)(2); *Early*, 537 U.S. at 8; *Medina*, 386 F.3d at 877.  The state court must have unreasonably applied a governing legal principle articulated by the Supreme Court, *Bell*, 535 U.S. at 694, and this unreasonable

1    application must have been "objectively unreasonable," meaning more than merely

2    "incorrect or erroneous." *Locker v. Andrade*, 538 U.S. 63, 75 (2003).

3    **A.    Petitioner Fails to Raise a Federally Cognizable Claim in**

4    **Challenging his 1984 and 1988 Convictions.**

5        The Court agrees with Judge Bartick's determination that Petitioner's

6    challenge to his 1984 and 1988 convictions underlying his 1997 indefinite life

7    sentence fails to raise a federally cognizable claim.   Matters related to sentencing

8    under state law are governed by state law, and federal *habeas* relief is not available

9    for alleged state court errors in the interpretation or application of those laws.  *See,*

10   *e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a

11   federal  *habeas*  court  to  reexamine  state-court  determination  on  state-law

12   questions."); *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (holding a

13   federal *habeas* challenge to a state court's denial of a *Romero* motion was barred

14   from review in a federal *habeas* proceeding), *vacated on other grounds, Mayle v.*

15   *Brown,*538 U.S. 901 (2003).    Further, the Supreme Court bars the utilization of §

16   2254 *habeas* petitions to challenge sentence enhancements to state convictions

17   which are no longer open to direct or collateral attack.   *See Lackawanna Cnty.*

18   *Dist. Attorney v. Cross¸* 532 U.S. 394, 403-404 (2001) (holding state court

19   convictions no longer open to direct or collateral attack are conclusively valid and,

20   if these convictions are later used by a state court to enhance a criminal sentence,

21   such sentence may not be challenged "through a petition under § 2255 on the

22   ground that the prior conviction was unconstitutionally obtained").

23       Thus, in challenging whether his 1984 and 1988 convictions were for serious

24   felonies under California law, Petitioner does not raise federal claims which the

25   Court may adjudicate.   Petitioner's objection to the Report has not demonstrated

26   his attack on his 1984 and 1988 convictions for first degree residential burglary

27   raises a federal claim under either avenue of relief AEDPA provides.   Petitioner

28   has not shown the California Court of Appeal contrarily or unreasonable applied

1   Supreme Court case law, nor that the Court of Appeal reached an unreasonable

2   determination of the facts of his case.  Petitioner's first objection speaks only to his

3   1984 and 1988 state court convictions and do not address the Court of Appeal's

4   determination of his *habeas* petition.  *See*, Pet'r Obj. 8–10, ECF No. 21.

5      Accordingly, because Petitioner's first objection constitutes direct attacks to

6   his 1984 and 1988 convictions, he fails to raise a cognizable federal claim.

7      **B. Petitioner Fails to Raise a Federally Cognizable Claim in Requesting**

8         **Resentencing Under TSRA.**

9      The Court also agrees with Judge Bartick's determination that Petitioner's

10  request for resentencing under TSRA fails to raise a federally cognizable claim.

11  Petitioner's second objection conclusively argues his Petition raises a federally

12  cognizable claim for § 2254 *habeas* relief because he "argued in the State . . .

13  whether [his] prior convictions were [c]onstitutionally valid strikes under the laws

14  and the facts" underlying his 1997 indeterminate life sentence.  Pet'r Obj. 20:19–

15  24, ECF No. 21.  However, the objection does not argue the California Court of

16  Appeal contrarily or unreasonably applied Supreme Court case law, or reached an

17  unreasonable determination of the facts of his case, in denying his request for

18  resentencing under TSRA.  *See generally* Pet'r Obj. 18:22–31:5.  Rather,

19  Petitioner's second objection proffers a delineation of AEDPA's two avenues of

20  federal *habeas* relief followed by various headnotes from Supreme Court cases

21  discussing substantive due process and fundamental fairness.  *Id.*

22     As explained above, federal *habeas* relief is not available for alleged errors

23  in a state court's interpretation or application of its sentencing laws.  *See Estelle*,

24  502 U.S. at 67–68; *Mayle*, 283 F.3d at 1040.  Therefore, that Petitioner argued

25  whether his 1984 and 1988 convictions for first degree residentially burglary were

26  constitutionally valid in his state *habeas* proceedings does not itself confer federal

27  jurisdiction in this federal *habeas* proceeding.  Additionally, the cases discussing

28  substantive  due  process  and  fundamental  fairness  Petitioner  cites  do  not

1   demonstrate that the California Court of Appeal's denial of his request for

2   resentencing under TSRA raises a federally cognizable claim under either avenue

3   of relief AEDPA affords.  *See* Pet'r Obj. 20:25–31:5.

4         Accordingly, Petitioner's second objection fails to indicate that his request

5   for resentencing under TSRA raises a cognizable federal claim.

6   **IV.   CONCLUSION & ORDER**

7         After considering Petitioner's objections and conducting a *de novo* review of

8   them, the Court concludes Petitioner's two objections to the Report are without

9   merit.  Additionally, Judge Bartick's reasoning in those portions of the Report not

10   objected to is sound.  Accordingly, the court **ADOPTS** the Report in its entirety

11   (ECF No. 18), **OVERRULES** Petitioner's objections (ECF No. 21), and **DENIES**

12   this *habeas* petition with prejudice in its entirety (ECF No. 1).

13         Moreover, because reasonable jurists would not find the court's assessment

14   of the claims debatable or wrong, the court **DENIES** a certificate of appealability.

15   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16         **IT IS SO ORDERED.**

17   Dated:  December 1, 2014

18

19                      Hon. Cynthia Bashant

20                      United States District Judge

21

22

23

24

25

26

27

28